JOSEPH. MILSAP v. J. WILDMAN.

MAY TERM,
1838.

Milsap
v.
Wildman.

*A scire facias* is a *suit* within the meaning of the 2d sec. Rev. Code, 462, and judgment cannot be rendered on it until the next term after the one at which defendant is bound to appear.

*Cole,* counsel for plaintiff in error:

The plaintiff assigned the following as reasons for the reversal of the judgment below: 1. The circuit court erred in coercing him to trial at the appearance term. 2. The circuit court erred in refusing him a new trial. As to the first point, this is settled adversely to the opinion of the circuit court by the statute to regulate the practice at law. That statute prescribes the following rules that should govern in all cases analagous to the present: If the defendant in an action has been served with process according to law, he must appear and plead at the return term, or there will be judgment against him, if the demand be liquidated, but if the demand be not liquidated, yet, upon his making default, there will be an interlocutory judgment, and it is discretionary with the court to direct an inquiry of damages to be had instanter, or at a subsequent term of the court. But if the defendant is not in default, but appears and pleads, and the plaintiff takes issue upon his plea, then, in that case, the cause stands over, continued by operation of law, to the subsequent or trial term of the court—Digest, p. 458, sec. 8, 9; p. 461, sec. 34, 35. The action of debt, by petition, is an exception to the general practice of the court. The appearance term is the trial term in this action, unless there is a continuance for cause, or the process has not been served on the defendant in person. It is manifest, therefore, that the circuit court interfered in this cause without authority of law, and greatly erred in doing so. The reasons that may have induced the circuit court to the exercise of this authority, can only be guessed at. The court may have considered the proceedings on *scire facias* as an exception to the general practice of the court, and summary in its character; but if such was the foundation of his opinion, it stands unsupported by authority. In reference to this proceeding, I understand the law to be, " that a *scire facias* is a judicial writ, to which a defendant can make his defence by plea"—2 Coke Lit. 290. "That a *scire facias* is an action," per Buller in Winter v. Kretchman, 2 Durn. & East, 45. "That a *scire facias* is intended as notice to a party to show cause why an execution should not issue, and to give him an opportunity to plead payment or oth-

er discharge"—Jackson v. De Lancy, 13 Johns. Rep. 550. This proceeding, therefore, like other actions, (not. excepted,) must come under and be governed by the statute before referred to.

The second point is, that the court erred in refusing a new trial. The decision of the court was certainly new in practice. The defendant must have been surprised by the introduction of a principle that he could not have very well foreseen. He could not be supposed to have been prepared instanter under such circumstances to maintain the issues in the case on his part, nor did he for a moment even believe, until so decided by the circuit court, that a plaintiff in a *scire facias*, by replying at the appearance term and taking issues on his adversary's plea, would force him to trial at that term, or to continue for cause upon affidavit; because the plaintiff has, by the statute, thirty days from the commencement of the appearance term to reply, and the construction given by the circuit court to the statute would give the plaintiff an undue advantage, and impose hardship, surprise and costs on the defendant, which certainly can never be correct. The circuit court therefore erred here also, and for which errors, so committed as aforesaid, it is respectfully submitted the judgment should be reversed.

*Frissell*, counsel for defendant in error:

The legality of a judgment upon a *scire facias* to revive a judgment at the return term of the writ, when the defendant appears and pleads, is the only point to be settled in this cause. Our statutes either leave this species of *scire facias* as at common law, or it is regulated by the act concerning judgments and decrees, for there is no other chapter of our statutes that is applicable to the case—Stat. of Mo. p. 339, sec. 10. By the 10th section of said act, (Stat. of Mo. p. 340,) it is enacted that if, upon the service of the *scire facias*, the defendant or his creditors do not appear and show cause against reviving the judgment or decree, the same shall be revived, &c. If the application of this is to be extended no further than to the revival of a judgment to continue the lien upon real estate, and the legislature intended to make a distinction between reviving a judgment to continue a lien and a judgment upon which an execution can issue, then this present case is unprovided for by our statute laws, and we shall have to examine the common law to find what the proper practice in reviving a judgment by *scire facias* may be. If it was the

intention of the legislature to make such distinction, they have failed to make their intention manifest, although they speak of reviving the lien in the same section where they prescribe the mode of reviving a judgment. Following out the doctrine that the legislature intended a distinction between reviving a judgment to continue a lien and reviving a judgment upon which an execution could issue, would lead to many absurdities. For instance, if a judgment were revived to continue a lien, an execution to make the money upon that judgment ought not to issue, because, forsooth, it was revived at the return term of the *scire facias*, when the persons to be charged with execution appeared and plead; and by parity of reasoning, if the *scire facias* was issued for the purpose of issuing an execution, the lien would be lost, because the statute prescribes the mode of proceeding to continue a lien, and if that mode be not strictly pursued, it is of no avail. And as it is fairly to be presumed that the legislature intended nothing absurd and ridiculous, this court will take it for granted that there is in law no difference between reviving a judgment to continue a lien and a judgment upon which an execution can issue to collect money. If so, the next inquiry is, whether the 10th section of the act regulating judgments and decrees, (Stat. of Mo. p. 340,) authorizes a judgment to be entered upon proceedings in *scire facias* at the return term of the writ when the defendant simply enters a plea. This inquiry will be settled by examining the precise meaning of the words of the section, "show cause against reviving the judgment." It seems to be immaterial whether the defendant or any of his creditors appear or not; if they do not show cause against reviving the judgment, the judgment shall be revived. Filing a plea is, in common parlance, an appearance, and the record comes in; a plea is "the statement upon record of the defendant's appearance"—1 Chitty, 411. Showing cause, then, has a different meaning from an appearance or pleading. It is something more substantial and more to be relied upon. "Appear and plead" are, in the language of the statute, frequently in connection, and appear to mean about the same as "comes and defends the wrong," &c. in the introductory part of a plea. Showing cause, in the language of the statute, seems to include the idea of exhibiting proof of some kind to satisfy the court why such a thing should or should not be done—see Stat. of Mo. p. 460, sec. 31, 32; p. 462, sec. 6; p. 463, sec. 12, *et passim.* It appears

MAY TERM,
1838.

Milsap
v.
Wildman.

A *scire facias* is a
*suit* within the
meaning of the
2d sec. Rev. Code,
462. and judg-
ment cannot be
rendered on it un-
til the next term
after the one at
which def. is
bound to appear.

then, that the defendant was served with process in this case according to law, (see sheriff's return,) and failed to show cause against reviving the judgment; therefore, the judgment of the circuit court was right.

McGirk, Judge, delivered the opinion of the court.

Wildman brought a *scire facias* in the circuit court of Washington county to revive a judgment and have execution thereof. On the return of the writ, the defendant appeared and pleaded payment, and at that time the parties went to trial, and judgment of revival and execution was given against Milsap. He objected to this, on the ground that he was entitled under the law to a continuance to the next term of the court. The counsel for the plaintiff, Milsap, rely on the Statute, (Revised Code, 462, sec. 2,) which says, "every suit that shall not be otherwise disposed of according to law, shall be continued at the term at which the defendant is bound to appear until the next term thereafter, and at such second term every such suit shall be determined.

This statute settles the question. It has been often decided that a *scire facias* is an action; it also is a suit. The counsel for the other side relies on the statute respecting reviving liens. That statute on the matter now in question, has no bearing. I am of opinion that the court erred in trying the cause at the first term. The other judges concurring herein, it is reversed with costs, and remanded.