The State v. Hockaday.

## THE STATE v. HOCKADAY, *Appellant.*

1. **Criminal Law**: PRACTICE: JUSTICES' COURTS: ARREST. A justice of the peace could, under the act of March 31, 1885 (Laws, 1885, p. 145), amending sections 2025, 2026 and 2028 of the Revised Statutes of 1879, issue a warrant for the arrest of a person upon the filing of a complaint verified by some one competent to testify against him, charging him with the commission of an offense.

2. ——— : ——— : ———. It was only necessary that an information be filed with a justice as soon as practicable, and before the accused was put upon trial or required to answer to the charge. If the information was filed before defendant entered his plea, the record, as a whole, would show a valid conviction.

3. ——— : ——— : ——— : EVIDENCE. Where the docket entries of the justice are silent as to whether the information was filed before the entry of a plea by the defendant, it is competent to show by the oath of the justice when it was filed, and his failure to make a docket entry of the filing will not invalidate the judgment, where the filing was before plea entered.

4. ——— : ——— : ——— : ———. Evidence of the justice that the plea was entered to the information and that it was read to him is no more than the record imports, where it is shown that the information was filed in due time, and such evidence constitutes no ground for reversal.

*Appeal from Lafayette Criminal Court.*—HON. JOHN E. RYLAND, Judge.

AFFIRMED.

*Hicklin & Wellborn* for appellant.

Cited the following authorities: *State v. Kelm,* 79 Mo. 515; *State v. Huddleston,* 75 Mo. 667; *State v. Sebecca,* 76 Mo. 55; *State v. Rockwell,* 18 Mo. App. 395; *Murry v. Laftern,* 15 Mo. 621; *State v. Thompson,* 81 Mo. 163; *Freeman v. Thompson,* 53 Mo. 183; *Knight v. Cherry,* 64 Mo. 513; *State ex rel. v. Primm,* 61 Mo. 166; *Smith v. Chapman,* 71 Mo. 217; *Norton v. Porter,* 63 Mo. 345; *Holzhour v. Meer,* 59 Mo. 434; *Blair v.*

*Caldwell*, 3 Mo. 353 ; *Perry v. Block*, 1 Mo. 484 ; *Brown v. Pearson*, 8 Mo. 159 ; *Palmer v. Hunter*, 8 Mo. 512 ; *State v. Chambers*, 70 Mo. 625 ; *Keating v. Skiles*, 72 Mo. 97.

*John M. Wood*, Attorney General, for the State.

(1) The records and proceedings in the case against defendant, offered in evidence, showing his former conviction of petit larceny, and the judgment and sentence thereupon, were competent. *State v. Chambers*, 70 Mo. 625; Whar. Crim. Ev. [9 Ed.] sec. 601. It was not necessary for the justice to enter in his record the filing of the information by the prosecuting attorney in order to render the proceedings valid. *State v. Carson*, 12 Mo. 405 ; *State v. Clark*, 18 Mo. 432 ; *State v. Hogan*, 31 Mo. 342. (2) If the proceedings before inferior courts are not entered in books, they may be proved by the officers of the court. 1 Greenl. Ev. [14 Ed.] sec. 513. (3) Parol evidence is admissible to explain the record. *Springer v. Wood*, 5 Cent. Rep. 203 ; Whar. Crim. Ev. [9 Ed.] sec. 621.

BLACK, J.—The defendant was indicted by the grand jury of Lafayette county for the second offense of petit larceny, committed on the fifteenth of May, 1888. The indictment states that he was convicted for the first offense on March 28, 1887, before Granville Clayton, a justice of the peace within and for that county.

The only questions made on this appeal relate to the evidence by which the state proved the first conviction. The justice produced in court his criminal docket, and the record therein made of a case of the state against this defendant was read in evidence, which discloses these facts : Joseph Bowman made affidavit before the justice that the defendant did, on March 26, 1887, steal five boxes of cigars of the value of twenty dollars, being the property of one I. Silverman. Warrant was issued on that day (March 26, 1887), by virtue of which the

defendant was arrested and brought before the justice. Cause continued until March 28, on which day the defendant entered a plea of guilty, and the justice assessed his punishment at a fine of one dollar and ninety days' imprisonment.

The justice having identified the papers in the cause, including an information made by the prosecuting attorney, testified: This information was filed with me by the prosecuting attorney, and was read to the defendant in that case before any plea was entered by him. The defendant entered the plea of guilty to the information, and not to the affidavit of Joseph Bowman, and I rendered judgment on such plea to the information.

The objections made to this evidence are that the court erred in allowing the justice to contradict his record, and that the record shows on its face that defendant was convicted on the affidavit of a private person, and not on the information of the prosecuting officer, and that the judgment is therefore void under the rulings in *State v. Kelm*, 79 Mo. 515, and *State v. Briscoe*, 80 Mo. 643. Both of these objections are based upon a misconception of the purport and effect of the record of the justice. It does not show that the conviction was had upon the affidavit and not upon an information. It is silent as to whether it was had upon the one or the other. By the act of March 31, 1885 (Acts of 1885, p. 145), amending sections 2025, 2026 and 2028 of the Revised Statutes of 1879, the justice could issue the warrant for the arrest of defendant upon the filing of a complaint, verified by a person competent to testify against the accused. The "information shall be filed with the justice as soon as practicable and before the party * * * shall be put upon trial, or required to answer to the charge." If the information was filed before defendant entered his plea, then the record as a whole shows a valid conviction; and the real question

is whether it was competent to show by the oath of the justice that the information was filed before plea entered by the defendant, the docket entries being silent in respect thereto.

It has been held that the failure of the clerk to enter upon the indictment the day of its return into court does not entitle the defendant to his discharge (*State v. Clark*, 18 Mo. 432); and that it is not a sufficient cause for quashing an indictment that the record does not show that the bill was filed. *State v. Hogan*, 31 Mo. 342. A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file. Bouv. Law Dict. ; 7 Am. & Eng. Ency. of L., p. 960. In *Grubbs v. Cones*, 57 Mo. 83, it is said : The filing is the actual delivery of the paper to the clerk without regard to any action that he may take thereon. Hence it was held the date of filing a mechanic's lien account, as endorsed by the clerk, might be corrected, and the true date shown by parol evidence. See also *Baker v. Henry*, 63 Mo. 517. The rulings in the earlier cases in respect of filing a bill of exceptions have been much modified by what we said in *Ferguson v. Thacher*, 79 Mo. 514, and *Rine v. Railroad*, 88 Mo. 401. We are all agreed that it was competent to show by the oath of the justice when the information was lodged with him, and his failure to make a docket entry of the filing of it does not invalidate the judgment.

The evidence of the justice that the defendant entered a plea of guilty to the information and that it was read to him is no more than the record imports. When read in the light of the fact that an information was in point of fact filed in due time, the admission of this evidence under such circumstances constitutes no ground for a reversal. It shows nothing but what the record imports.

The judgment is therefore affirmed. RAY, C. J., absent ; the other judges concur.