THE STATE v. HOEFFNER, *Appellant*.

Division Two, November 5, 1894.

1. **Forfeited Recognizance**: SCIRE FACIAS. A proceeding by *scire facias* upon a forfeited recognizance is the mere continuation of the original proceeding to enforce a debt confessed.

2. ———: ———: JURY TRIAL. Defendant is not entitled to a trial by jury in such case.

*Appeal from St. Louis Criminal Court.*—HON. H. L. EDMUNDS, Judge.

AFFIRMED.

*Harvey & Hill* for appellant.

It was error for the court to refuse a trial by jury. Constitution, art. 2, secs. 28, 30; R. S. 1889, sec. 2131. The proceeding by *scire facias* to make absolute a conditional judgment taken against the surety on forfeited bail bond is purely civil and not criminal in its nature, being merely a suit for the recovery of money. *State v. Posey*, 90 Ala. 45. *Scire facias* upon a recognizance entered into in a criminal proceeding, in no respect partakes of the original criminal proceeding, out of which it originated, but is held to be a civil action. *State v. Chandler*, 79 Me. 172, and cases cited; *State v. Kinne*, 41 N. H. 238; *State v. Woerner*, 33 Mo. 216; *Milsap v. Wildman*, 5 Mo. 425; *Wolff v. Schaeffer*, 4 Mo. App. 367; *Brown v. Railroad*, 37 Mo. 299; *Humphrey v.*

*Lundy*, 37 Mo. 323.    Upon *scire facias sur* judgment, there can be no inquiry into matters anterior to the judgment upon which the writ is based; not so in *scire facias* upon a forfeited criminal recognizance. *Simpson v. Watson*, 15 Mo. App. 425.

*R. F. Walker*, Attorney General, for the state.

See brief in *State v. Caldwell*, *post*, p. 509.

BURGESS, J.—On the ninth day of February, 1893, there was duly issued from the office of the clerk of the criminal court for the city of St. Louis, a *scire facias* against the defendant, which recited that on the thirtieth day of April, 1892, the defendant had signed a bond to the state of Missouri in the court of criminal correction of said city as the security of one Lee Qua Lang (who then stood charged in said court of criminal correction with having committed a felony) for his, Lang's appearance in the court of criminal correction, on the twelfth day of May, 1892; that default was made in said court on said last named day, by said Lang, which was certified to the St. Louis criminal court, and judgment of forfeiture rendered thereon.   The writ commanded defendant to appear on the return day thereof, and show cause why the state of Missouri should not have execution.   Defendant filed answer to the *scire facias*, putting in issue all the recitals and allegations therein contained.

On the second day of October, 1893, the cause was called for trial in the criminal court, when defendant requested and demanded a trial by jury, which was refused by the court, and he saved his exceptions. The court then proceeded to hear the case and made its finding in favor of the state.   From the finding and judgment defendant appealed.   The only point urged upon the

attention of this court, is the action of the trial court in refusing defendant a trial by jury.

Section 2131, Revised Statutes, 1889, reads as follows: "An issue of fact in an action for the recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial be waived or a reference ordered as hereinafter provided."

Whatever may have been said in other jurisdictions with respect to the nature of the proceeding by *scire facias* on a forfeited recognizance, whether civil or a continuation of the original proceeding, the holding in this state has been, that it is a mere continuation of an original proceeding to enforce the collection of a debt confessed. *State v. Randolph*, 22 Mo. 474; *State v. Heed*, 62 Mo. 559. See, also, *Lawton v. State*, 5 Tex. 272; 2 Bouvier's Inst., sec. 3721, chap. 27..

The writ is a common law writ. It is not the commencement of a civil or new action within the meaning of the code, but the writ recites the recognizance and judgment of forfeiture, and requires the parties against whom issued to appear in court at the next regular term, and show cause, if any they can, why final judgment shall not be entered against them for the amount of the recognizance so forfeited, and execution issued therefor. The practice has been in this state, and many others, to plead to the writ, although our code is silent as to the course to be pursued with respect to a *scire facias* issued upon a forfeited recognizance. Every defense which could be made by way of plea or demurrer to a petition may also be made to the writ, and when demurred to, the demurrer goes to the entire record. The writ may be amended when necessary, as pleadings in civil cases, the only difference being that where a demurrer is filed to any pleading in an ordinary civil action, it only goes to the face of such pleading, while in case of a demurrer to a *scire facias* issued

upon a forfeited recognizance it goes to the whole record.   *State v. Randolph*, and *State v. Heed, supra*.

This is not a civil action within the meaning of the code for the recovery of money.   Instead of a summons being issued requiring the defendant to appear and answer a petition, as in a civil action, a *scire facias* issues to the defendant requiring him to show cause why a judgment already confessed, interlocutory in its effect, should not be made final, and execution issued thereon, the causes generally shown being *nul tiel record*, release or accord and satisfaction, no one of which, nor all of them, convert the proceeding into an action; which is said to be "a legal prosecution in an appropriate court by a party complainant against a party defendant to obtain the judgment of that court in relation to some rights claimed to be secured or some remedy claimed to be given by law to the party complaining."   1 Am. and Eng. Encyclopedia of Law, 178; 1 Wait's Actions and Defenses, 10.   It is only in such cases that the parties are entitled to trial by jury in civil actions, unless the right is given by statute as in case of inquiry of damages upon the dissolution of an injunction bond, and cases of like character.   If the proceeding had been by suit brought upon the recognizance bond, as is the practice in some states, then the rule would be different, and the case triable by jury.

We have not overlooked the case of *Milsap v. Wildman*, 5 Mo. 425, in which it is held that a *scire facias* is an action, also a suit; and *Wolff v. Schaeffer*, 4 Mo. App. 367, in which the same rule is announced, and in which it is further held that such cases are triable by jury unless the same be waived.   To the same effect is *State v. Posey*, 79 Ala. 45.

The *Milsap case* was a proceeding by a *scire facias* to revive a judgment in a civil suit, and the *Wolff case* was a proceeding by *scire facias* in the probate court

under the statute against the administrator upon his bond, and are not, therefore, controlling authority in this case. In a criminal case a proceeding on a forfeited recognizance by *scire facias* is, as has been said, but the continuation of a proceeding already commenced, while in a civil case it is more like an original action.

In *Humphreys v. Lundy*, 37 Mo. 320, which was a proceeding to revive a judgment rendered by a justice of the peace, HOLMES, J., in speaking for the court, says: "A clear distinction is made in the books between an action and a *scire facias*. Mr. Chitty, treating of debt on judgments, speaks of 'the remedy by *scire facias*' as also frequently adopted, on which damages are not recoverable for detaining a debt, and therefore he considers it more judicious to proceed by action upon a recognizance of bail, than by *scire facias*, which is 'only a continuance of a former suit, and not an original proceeding.'" 1 Chitty on Pleadings, 127, 299; *M'Gill v. Perrigo*, 9 Johns. 259; *Brown v. Harley*, 2 Fla. 159; *Ellis v. Jones*, 51 Mo. 187. We think the rule thus announced in harmony with our code and the understanding of the profession generally.

From what has been said, it necessarily follows that section 28, article 2, state constitution, which provides that "the right of trial by jury as heretofore enjoyed shall remain inviolate," has no application to this case. *State ex rel. v. Vail*, 53 Mo. 97. The judgment is affirmed. All of this division concur.