ROBERT S. SUTTON, Administrator of DORTHEA A. HINES *et al.*, Plaintiffs in Error, v. THOMAS A. COLE *et al.*, Defendants in Error.

St. Louis Court of Appeals, February 15, 1898; Certified to Supreme Court, March 1, 1898.

1. **Judgment**: JUSTICE'S COURT: JURISDICTION.   The judgment of a justice of the peace is not open to collateral attack when the facts necessary to confer jurisdiction appeal affirmatively upon the face of the proceedings.

2. ———: ———: REVIVOR: CHANGE OF VENUE. A proceeding before a justice of the peace for the revivor of a judgment must be conducted before the justice who rendered the original judgment or his successor in office. *Kincaid v. Griffith*, 64 Mo. App. 673.   Under sections 6291 *et seq.*, Revised Statutes 1889, affording this remedy, no provision is made for a change of venue.

*Error to the Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED; Judge BLAND concurring, Judge BIGGS dissenting.

*Chas. Martin* and *Robert L. Sutton* for plaintiffs in error.

A proceeding to revive a judgment is not a new action, but merely a continuation of the old cause. *Coomes v. Moore*, 57 Mo. 338; *Kratz v. Preston*, 52 Mo. App. 251.

The right to a change of venue is purely statutory, and can not be allowed in any case where not specially given by statute. *State ex rel. v. Wofford*, 119 Mo. 408.

The statute gives no power or authority to a justice to grant a change of venue in a proceeding to revive a judgment. R. S. 1889, secs. 6240–6244.

Judgments before a justice can be revived only by the justice who rendered the judgment or his successor having control of his docket. R. S. 1889, secs. 6288, 6289, 6291. See, also, R. S. 1889, secs. 6293, 6294; *Kincaid v. Griffith*, 64 Mo. App. 673.

*Norton & Avery* for defendants in error.

Inferior courts not proceeding according to the course of common law are confined strictly to the authority given. It must appear on the face of their proceedings that they have jurisdiction. *Ewing v. Donnelly*, 20 Mo. App. 9; *Hansberger v. R. R.*, 43 Mo. 200; *State v. Metzer*, 26 *Id.* 65; *France v. Evans*, 90 *Id.* 74; *Corrigan v. Morris*, 43 Mo. App. 461. See, also, *Cunningham v. R. R.*, 61 Mo. 33.

The judgment was absolutely void, and the execution should have been quashed, because the justice refused to grant the change of venue, on motion in due form and time. R. S. 1889, secs. 6240, 6241. See, also, *Jones v. Pharis*, 59 Mo. App. 254; *Endicott v. Hall*, 61 *Id.* 185.

BOND, J.—On the twenty-seventh of September, 1881, J. B. Allen, justice of the peace of Bedford township, Lincoln county, Missouri, made the following entry in his docket:

"Zachariah Martin, Adm'r, J. F. Willhoefft, Plaintiff,
    "v.
"Thos. A. Cole, Jas. R. Young and Andrew Stephens, Deft's.

"Action on note dated ———. Total amount claimed, $283.58.

"On the 27th day of September, 1881, the plaintiff files note and demands that a summons be issued against the defendants which is done, etc., etc., and on the 14th day of November, 1881, the justice rendered a judgment against defendants Cole and Young for $283.58, with ten per cent compound interest from date."

This judgment was assigned to plaintiffs, who thereafter instituted proceedings to revive the same before one Jessie Swinney, the successor in office of the justice of the peace who rendered it. Thereafter defendant Cole appeared under a citation issued in the revival proceedings and filed a motion and affidavit for change of venue, which was overruled, and thereafter a judgment of revival was entered, upon which execution was issued, and being returned not satisfied, the plaintiffs caused the transcript of the original judgment, the order of revival and all docket entries of Justice Swinney to be filed in the office of the clerk of the circuit court of Lincoln county and recorded and abstracted as a judg-

ment of said court, and on November 14, 1895, caused execution to be issued, which was levied upon the lands of defendant Cole, and the same were advertised for sale, whereupon the defendants filed a motion to quash said execution, which was sustained, and plaintiffs duly brought the case to this court by writ of error.

The first question raised by the motion to quash the execution is as to the sufficiency of the facts shown upon the face of the proceedings before the justice who rendered the original judgment, to show jurisdiction of the subject-matter. It is insisted by respondents that this question must be answered in the negative because at the time of the rendition of the judgment the pecuniary limit of the jurisdiction of justices of the peace was $150, exclusive of interest and costs, and that it appears on the face of the proceedings in the present case that a judgment was rendered for a sum in excess of this limit. The respondents are correct as to the limit of a justice's jurisdiction at the time in question (R. S. 1879, sec. 2835), but we can not concur in their contention that the record in this case does not show affirmatively jurisdiction on the part of the justice. It is the law of this state that a judgment of a justice of the peace is not open to collateral attack when the facts necessary to confer jurisdiction appear affirmatively upon the face of the proceedings in question. *State v. Hockaday*, 98 Mo. 590; *Wise v. Loring*, 54 Mo. App. *loc. cit.* 262; Van Fleet's Collateral Attack, p. 538, sec. 526; Freeman on Judgments, sec. 524; *Hendrick v. Whittemore*, 105 Mass. 28. The only question, therefore, on this point is, do such facts appear? The record entry of the justice shows that the suit brought before him was upon a note. While the date and the original sum for which the note was given are uncertain, it is expressly stated that it bore compound interest at the rate of ten per

*Margin note: JUDGMENT: justice's court: jurisdiction.*

cent from date and that the total amount claimed when the judgment was rendered was for $283.50. It is obvious from an inspection of this record that the jurisdiction of the justice depended solely on the date of the note. For if that was of a time within ten years before the judgment and sufficiently long to cause interest computed at the rate specified upon a sum less than $150, when added to the principal of the note, to equal the amount claimed on the day of judgment, then the justice had full jurisdiction under the provisions of the statute then in force. There is nothing on the face of the proceedings before the justice negativing such a state of facts. Indeed such a state of facts is fairly implied by the terms of the recitals of the justice's transcript, and may, therefore, be said to affirmatively appear on the face of the proceedings before the justice, and that the only ambiguity disclosed by such proceedings is as to the date of the note. That oral testimony, in conformity with the implications of a record or other writing, may be used to resolve latent ambiguities is the universal rule. This principle was clearly announced by the supreme court in the case first cited, *State v. Hockaday, supra.*

In that case the proceedings of a justice's court were drawn in question. They failed to show whether a conviction before a justice was had upon an affidavit or upon any information, the supreme court saying "It is silent as to whether it was had upon the one or the other." The court held that it was perfectly competent for the justice who tried the case to testify (although his record did not show the fact) that an information was filed before him by the prosecuting attorney and that the defendant was convicted thereunder. The point ruled in that case is decisive of the one under review. The proceedings here are silent as

to the date of the note. It can not be denied that if the note bore a date sufficiently long prior to the judgment not to be barred by the statute, that is, nine years, and was for the sum of $100, the principal and interest due at the time of the judgment would equal the amount for which it was rendered. The defendant and maker of the note admits that it was nearly ten years old when sued upon, and that nothing had ever been paid upon it. The justice of the peace states it was for the sum of $100, does not remember the exact date other than it was not quite barred by the statute. The evidence of these witnesses in no wise contradicts the record of the proceedings before the justice, but comports fully with the facts set forth in such proceedings. The result is that the motion to quash should have not been sustained (as contended by respondents) for want of jurisdiction of the subject-matter.

The next question is whether the refusal of the justice before whom the proceedings were instituted to revive, to grant a change of venue, JUDGMENT: justice's court: revivor-change of venue. rendered his subsequent judgment of revival void? The right to a change of venue is *strictissimii juris* and dependent solely upon statutory authority. *State ex rel. v. Wofford*, 119 Mo. 408. It attaches in favor of either party when a civil cause is pending before a justice in the exercise of his ordinary jurisdiction, provided the application is made before the jury is sworn or the trial is commenced. R. S. 1889, sec. 6240 *et seq.* A proceeding like the one under review is not the beginning of a suit before a justice. It is one given to "plaintiff or his legal representatives" and must be conducted before the justice who rendered the original judgment or his successor in office. *Kincaid v. Griffith*, 64 Mo. App. 673. The statutes affording this remedy do not provide for a change of venue thereunder. R. S.

1889, sec. 6291 *et seq.* Our conclusion is that there was no error in refusing defendant's application for a change of venue. The result is that the judgment in this case is reversed and the cause remanded, with directions to proceed in conformity with this opinion.

Judge BLAND concurs; Judge BIGGS dissents.

BIGGS, J. (*dissenting*).—My associates decide that in a proceeding to revive a judgment rendered by a justice of the peace there can be no change of venue. To this I can not agree. The statute provides that in "any civil cause" pending before a justice of the peace either party shall be entitled to a change of venue. (R. S. 1889, sec. 6240.) That a *scire facias* to revive a judgment is a civil suit or civil action, has been decided by all of the appellate courts of the state. *Milsap v. Wildman,* 5 Mo. 425; *State v. Hoeffner,* 124 Mo. 488; *Simpson v. Watson,* 15 Mo. App. 425; *Walsh v. Bosse,* 16 Mo. App. 231; *Wolf v. Schaeffer,* 4 Mo. App. 367; *Kratz v. Preston,* 52 Mo. App. 251. All of the foregoing cases treat the proceeding as any other suit or action, and rightfully so, since the defendant may plead in bar of the action payment, compromise or release of the original judgment, and if the plea is sustained the original judgment is thereby extinguished, and if it is not sustained the judgment of revival is regarded as a new judgment. In the trial of the issue either party is entitled to a jury.

These things necessarily convert the proceeding into "a civil cause" or "civil action" which has been defined to be a "legal prosecution in an appropriate court by a party complainant against a party defendant to obtain the judgment of that court in relation to some rights claimed to be secured or some remedy claimed to be given by law to the party complaining."

It seems to me that the opinion of my associates in

this case is diametrically opposed to the decisions in the foregoing cases, and I therefore ask that the cause be certified to the supreme court.