SUTTON, Administrator, et al., Plaintiffs ·In Error, v. COLE et al.

### Division One, March 14, 1900.

1. **Reviving Judgment: SCIRE FACIAS: CHANGE OF VENUE.** There can be no change of venue in a proceeding on *scire facias* to revive a judgment, since the *scire facias* is only a continuation of the original action, and simply ancillary thereto. There is no statute specially authorizing the change of venue, but on the contrary the statute says the judgment must be revived "by the justice who rendered the same, or has control thereof"—meaning his successor in office. (Overruling Milsap v. Wildman, 5 Mo. 425. And as Wolff v. Schaeffer, 4 Mo. App. 367; Simpson v. Watson, 15 Mo. App. 430; and Walsh v. Bosse, 16 Mo. App. 233, were predicated on Milsap v. Wildman, they too are overruled).

2. **Appeals: JURISDICTION OF WHOLE CASE.** When a case has been properly certified to the Supreme Court by a court of appeals, on the ground that the majority opinion therein is in conflict with prior opinions of this court, or a court of appeals, this court's duty is to hear and determine the whole cause, not simply to dispose of the point of difference between the judges of the court of appeals.

3. **Reviving Judgment: JURISDICTION IN ORIGINAL SUIT: LOST NOTE: ORAL EVIDENCE.** This was a *scire facias* to revive a judgment on a lost note before a justice, who had jurisdiction of the cause if "the sum demanded, exclusive of interest and cost," did not exceed $150. The statute required the justice to "keep a docket, in which he shall enter the amount or description and value of the property claimed," and the docket entry in this case was: "Action on note dated ———; total amount claimed $283.50; judgment rendered for $283.50 with ten per cent compound interest from date." *Held*: 1st, parol evidence was admissible under the statute to supply the lost note; 2nd, but the docket not being silent as to the amount claimed, the court erred in admitting parol evidence to show that the principal of the lost note was less than $150, because such evidence clearly contradicted the record; 3rd, the record showing that the justice had no jurisdiction to render the judgment, the *scire facias* to revive it must fail.

Transferred from St. Louis Court of Appeals.

COURT OF APPEALS JUDGMENT, REVERSED; CIRCUIT COURT JUDGMENT, AFFIRMED.

*Chas. Martin* and *Robt. L. Sutton* for plaintiffs in error.

(1) Justice Swinney issued execution on the revived judgment August 1, 1895, directed and delivered to the constable of Monroe township, where the defendant Cole resides, and which was returned by said constable November 4, 1895 (more than ninety days), not satisfied, no goods or chattels of the defendant being found upon which to levy the same. This was shown by the transcript of Justice Swinney, filed with the circuit clerk before execution was issued by him. The amount for which Justice Allen rendered judgment against the defendants in 1881 did not exceed his jurisdiction. The statute in force at that time, section 2835, R. S. 1879, provides that justices of the peace have jurisdiction of claims or demand founded on contract for $150, exclusive of interest. Allen says his recollection was that the face of the note was one hundred dollars bearing ten per cent compounded interest. The judgment shows it bore ten per cent compound interest. Defendant Cole says it was given in 1871 or 1872, nine or ten years before the judgment was rendered. Both Allen and Cole say there were no payments on the note. One hundred dollars at ten per cent compound interest for ten years would amount to two hundred and fifty dollars. One hundred and fifteen dollars for ten years at the same rate would make over two hundred and ninety dollars, and for nine years over two hundred and sixty-five dollars. Now if we take the rate of interest this note bore and the time it ran without credits before the judgment was rendered it demonstrates with mathematical certainty that the face or principal of the note did not exceed

one hundred and fifty dollars, exclusive of interest. (2) A change of venue is not authorized and can not be granted in a proceeding to revive a judgment before a justice of the peace. A proceeding to revive a judgment is not a new action, but merely a continuation of the old cause. Coomes v. Moore, 57 Mo. 338; Kratz v. Preston, 52 Mo. App. 251; State ex rel. v. Wofford, 119 Mo. 408; R. S. 1889, secs. 6240, 6241, 6242, 6244. (3) Judgments before a justice can be revived only by the justice who rendered the judgment or his successor having control of his docket. R. S. 1889, secs. 6288, 6289, 6291.

*Norton & Avery* for defendants in error.

(1) This judgment is on a note, as shown by the justice's docket, for $283.58—no date of note given and nothing in the docket or record of the justice showing how much, if any, was interest and costs, but merely "judgment on note, total amount claimed, $283.58." If the justice had no jurisdiction of amount, the execution should be quashed. Holzhaus v. Meer, 59 Mo. 434; Ewing v. Donnelly, 20 Mo. App. 6. There is nothing in the docket and record of Justice Allen showing affirmatively that he had jurisdiction of the subject-matter, i. e., that the note sued on, exclusive of interest and costs, was one hundred and fifty dollars or less. The plaintiffs in error attempt to cure this by the oral testimony of the justice himself as to the face of the note. (2) Inferior courts not proceeding according to the course of common law are confined strictly to the authority given. And it must appear on the face of their proceedings that they have jurisdiction. Hansberger v. Railroad, 43 Mo. 200; State v. Metzer, 26 Mo. 65; France v. Evans, 90 Mo. 74; Corrigan v. Morris, 43 Mo. App. 461. (3) Whether the amount exceeded one hundred and fifty dollars exclusive of interest and costs, being a jurisdictional matter, the proceedings or

record itself must show it, and it can not be shown by extraneous evidence. Corrigan v. Morris, 43 Mo. App. 462; Cunningham v. Railroad, 61 Mo. 33.

MARSHALL, J.—This cause was certified to this court, under section 6 of the amendment to the Constitution, 1884, by the St. Louis Court of Appeals, because BIGGS, J., deemed the opinion of the majority of that court to be contrary to the previous decisions in Milsap v. Wildman, 5 Mo. 425; State v. Hoeffner, 124 Mo. 488; Walsh v. Bosse, 16 Mo. App. 231; Wolff v. Schaeffer, 4 Mo. App. 367; Kratz v. Preston, 52 Mo. App. 251.

The case is this: On the 27th of September, 1881, Martin, administrator of Willhoeft, instituted a suit on a note (date and amount not stated) against Thomas A. Cole, James R. Young and Andrew Stephens. The docket entry of the justice states: "Total amount claimed, $283.58," and that on the 14th of November, 1881, judgment was rendered for that amount, "with ten per cent compound interest from date."

The plaintiff therein assigned the judgment to the plaintiffs herein, and they, in March, 1895, sued out a *scire facias*, to revive the judgment, before the successor to the justice who rendered the original, according to the provisions of section 6288 et seq., Revised Statutes 1889. The defendant Cole was duly served with the citation (sec. 6292, R. S. 1889), appeared and filed an affidavit for a change of venue, which was overruled by the justice, and the judgment revived (sec. 6293, R. S. 1889), and upon the return of the execution, *nulla bona,* a transcript of the judgment was filed in the office of the clerk of the circuit court of Lincoln county, an execution issued thereon from that court, which was levied on the lands of the defendant Cole. He thereupon filed a motion in the circuit court to quash the execution (the motion is not set out, nor its substance stated in the

abstract of the record, and therefore we are not advised of the grounds on which it was based), the circuit court sustained the motion, and the plaintiffs properly made up the record, and thereafter sued out this writ of error from the St. Louis Court of Appeals. The majority of that court held: *first*, that the judgment, for $283.58, was not void on its face because a justice's jurisdiction at the time it was rendered was limited to one hundred and fifty dollars, exclusive of interest (sec. 2835, R. S. 1879); *second*, that parol testimony was properly admitted by the circuit court in aid of the jurisdiction of the justice, to show, the note being lost, that the note was for a sum less than one hundred and fifty dollars, and that the judgment included the principal and interest, compounded annually; and, *third*, that the application for a change of venue was properly denied by the justice of the peace. The judgment of the circuit court was therefore reversed and the cause remanded. BIGGS, J., dissented on the ground that *scire facias* to revive a judgment is a civil action, and being such the defendant was as much entitled to a change of venue as in any other kind of an action. As the case comes here on the conflict of opinion as to the right of the defendant to a change of venue, that question will be considered first.

## I.

In Milsap v. Wildman, 5 Mo. 428, *scire facias* to revive a judgment was held to be an action, and therefore within the proceedings regulating any original action. This case was followed by the St. Louis Court of Appeals, in Wolff v. Schaeffer, 4 Mo. App. l. c. 372; Simpson v. Watson, 15 Mo. App. l. c. 430; Walsh v. Bosse, 16 Mo. App. l. c. 233, 234.

But in Humphreys v. Lundy, 37 Mo. l. c. 323, it was held, per HOLMES, J., that there is "a clear distinction made

in the books between an action and a *scire facias*," and that a *scire facias* is "only a continuance of a former suit, and not an original proceeding." Hence in that case it was held that the statute of limitations did not apply to such proceedings.

In Ellis v. Jones, 51 Mo. l. c. 187, SHERWOOD, J., said: "A *scire facias* to revive a judgment, is a judicial writ; is not a *new* suit, but is a continuation of the original action and merely ancillary thereto; does not operate to create a new lien, but to continue in force one already in existence; is simply a call or rule upon the debtor to show cause why execution should not issue; and if no cause is shown judgment goes that the plaintiff have execution."

In Coomes v. Moore, 57 Mo. 338, the ruling in Humphreys v. Lundy, 37 Mo. 320, in reference to *scire facias*, was followed, but it was pointed out that the case then before the court was a suit on a foreign judgment, and not a *scire facias* to revive a judgment, and therefore the statute of limitations applied. This case accentuates the difference between a *scire facias* to revive a judgment and a new suit.

In State v. Hoeffner, 124 Mo. 488, BURGESS, J., said that a proceeding by *scire facias* upon a forfeited recognizance is a mere continuation of the original proceeding, and hence the defendant is not entitled to a trial by jury. This was in a criminal case, but the learned judge said he had not overlooked Milsap v. Wildman, 5 Mo. 425, and Wolff v. Schaeffer, 4 Mo. App. 367, and while those cases were not expressly overruled, the case of Humphreys v. Lundy, 37 Mo. 320 (above quoted) was extensively quoted from, and clearly followed and approved, for he said: "We think the rule thus announced in harmony with our code and the understanding of the profession generally."

In Kratz v. Preston, 52 Mo. App. 256, ELLISON, J., said: "Where the object is to revive a judgment it can not be said to be a new suit; it is a continuance of the old action

'and merely ancillary thereto,'......notwithstanding it partakes of the nature of a new action, as before stated, in that it may be pleaded to. I think it apparent that when the writ is used to revive a judgment it is merely a further proceeding in the same action, and is based on the original *judgment*, which in this case we have seen was rendered on defendant's personal appearance. Such a writ is sometimes called a writ of execution. [2 Tidd's Practice; Barrow v. Bailey, 5 Fla. 9.] It is said in Phillips v. Brown, 6 Term. R. 282, to be merely a step towards execution on the original demand. And so we know that to be its end and use in practice."

The result is that Milsap v. Wildman, 5 Mo. 425, has never been followed by this court, but the contrary doctrine often declared, and that case in effect overruled. So to end all doubt and confusion, Milsap v. Wildman, 5 Mo. 425, is hereby expressly overruled. As Wolff v. Schaeffer, 4 Mo. App. 367; Simpson v. Watson, 15 Mo. App. 430, and Walsh v. Bosse, 16 Mo. App. 233, were predicated upon Milsap v. Wildman, *supra*, it follows that they can no longer be regarded as stating the law in this State.

Being only a continuation of the original action, and simply ancillary thereto, it follows that there can be no change of venue allowed in a *scire facias* to revive a judgment, because there is no statute specially authorizing it, and the general statute in reference to change of venue has no application. In fact, section 6288, Revised Statutes 1889, excludes the idea of a change of venue, for it provides that the judgment must be revived "by the justice who rendered the same, or has control thereof" (meaning his successor in office).

This disposes of the point of difference between the judges of the St. Louis Court of Appeals on account of which this cause was certified to this court, and we might stop here, were it not for the mandate of the Constitution (sec. 6, Amendment 1884) that in such cases this court must rehear

and determine the cause as in case of jurisdiction obtained by ordinary appellate process.

## II.

It has long been the settled law in Missouri that the jurisdiction of courts of inferior jurisdiction and of courts that do not proceed according to the course of the common law, must affirmatively appear on the face of the proceedings. [State v. Metzger, 26 Mo. 65; Hansberger v. Railroad, 43 Mo. 196; Edmonson v. Kite, 43 Mo. 176; Schell v. Leland, 45 Mo. 289; Iba v. Railroad, 45 Mo. 469.] But it is not essential that jurisdiction should appear from the face of the record proper. [State v. Schneider, 47 Mo. App. 669.] It is sufficient if it appears from the entire record of the proceeding. [Sappington v. Lenz, 53 Mo. App. 44; Collins v. Kammann, 55 Mo. App. 464.] The fact that the amount sued for before a justice of the peace did not exceed his jurisdiction, may be shown by the papers or cause of action on file. [Shanklin ex rel. v. Francis, 67 Mo. App. 457.] If the proceedings before inferior courts are not entered in books, they may be proved by the officers of court. [1 Greenl. on Evid. (14 Ed.), sec. 513.] In State v. Hockaday, 98 Mo. 590, a justice of the peace was permitted to identify the papers in a cause and to testify to the proceedings had in the case, the docket being silent as to such matters. In this case the cause of action—the note—sued on was lost, and the circuit court heard testimony as to its contents. The lost paper or note could have been supplied by pursuing the remedy afforded by section 4560 et seq., Revised Statutes 1899. In such a case, parol testimony would have been admissible to prove its contents. This course was not pursued, but there is no difference in principle between admitting parol testimony in such a case and in a case where such testimony does not even tend to contradict the record. This

case, however, does not fall within that rule. At the time this action was begun the justice of the peace had jurisdiction "when the sum demanded, exclusive of interest and costs, does not exceed one hundred and fifty dollars." [See. 2835, R. S. 1879.] At that time section 2844, Revised Statutes 1879, required every justice of the peace to "keep a docket, in which he shall enter......a brief statement of the nature of the plaintiff's demand, and *the amount or description and value of the property claimed,*" etc., etc.

The docket entry kept by the justice of the peace in this case, after stating the title of the cause, is as follows:

"Action on note dated. . . . . . Total amount claimed, $283.58," It then recites that, "On the 27th day of September, 1881, the plaintiff files note and demands that a summons be issued against the defendant, which is done," and also that judgment was rendered "for $283.58, with ten per cent compound interest from date."

It will be observed that in the Hockaday case, *supra,* parol evidence was held admissible to prove a fact which the justice was required to note on his docket, but as to which the docket was silent, on the ground that such evidence did not contradict the record. The St. Louis Court of Appeals applied that decision to this case, and in so doing that court committed error, for the record of the justice in this case was not silent as to the amount claimed, and which the statute required to be entered on his docket. On the contrary that record recites that: "Total amount claimed, $283.58." That case, therefore, has no application to this case, and there is no ambiguity in this case which parol evidence might be permitted to explain, as was done in Roach v. Coal Co., 71 Mo. 398, in order to uphold the judgment. Here the record spoke the fact which the statute commanded it to speak, and parol evidence was not admissible to contradict, explain away, or vary or impeach it.

The St. Louis Court of Appeals, however, helped out

the difficulty by holding that although the record stated that the amount sued for was $283.58, it might be that this included the principal of the note, with ten per cent interest compounded annually. This supplies by argument what it was inadmissible to prove as a fact, as against the recital of the record. In Batchelor v. Bess, 22 Mo. 402, LEONARD, J., held that if the amount claimed before a justice of the peace was not stated, the amount the plaintiff accepted judgment for must be taken as the amount in dispute, and although on appeal in the circuit court the plaintiff remitted the excess over the justice's jurisdiction, it did not have the effect of giving the justice jurisdiction of the subject-matter. The case at bar is even stronger, for the judgment was not only for an amount in excess of the jurisdiction of the justice, but the record recited that the amount claimed was the same as the judgment. The record shows no data or fact from which it can be legally inferred that any portion of the amount claimed and for which the plaintiff recovered judgment was interest compounded annually, and in the face of the record recital and in the absence of anything apparent from the face of the proceedings—e. g., the note itself—it is not proper for a court to speculate as to the fact or to supply facts by arguments not based upon such matters as the court can take notice of. It was at all times within the power of the plaintiff to supply the lost note, by pursing the remedy afforded by the statute, and thereby have shown the true fact as to the amount claimed by the proceedings in the case before the justice. This would not have contradicted the record.

For these reasons the judgment of the St. Louis Court of Appeals is reversed, and that of the circuit court of Lincoln county quashing the execution based upon the judgment of the justice of the peace, is affirmed. All concur, except *Robinson, J.,* absent.