LAWRENCE COUNTY BANK, Respondent, v. LAM-
BERT et al., Appellants.

**St. Louis Court of Appeals, February 13, 1906.**

1. **JUDGMENTS: Scire Facias: Assignee of Judgment Cannot Re-
   vive.** A proceeding by writ of *scire facias* to revive a judgment
   is not a new suit, but a continuation of the original one; the
   assignee of a judgment cannot sue out a writ of *scire facias* to
   revive it.

2. **APPELLATE PRACTICE: Non-prejudicial Ruling.** The holder
   of a void judgment is not in position to complain of a ruling
   by which his judgment was postponed to the lien of a mort-
   gage because not prejudiced thereby.

Appeal from Barry Circuit Court.—*Hon. Henry C. Pep-
per,* Judge.

AFFIRMED.

*L. Beasley* for appellants.

The question of the judgment or its assignment or
revival is not before this court, being only raised by
the evidence and brief of respondent and is not men-
tioned in the pleading in making up the issue; but sup-
pose a man should assign a judgment and moves to an-
other State or a foreign country and dies there, or he
has no property upon which to administer and there is
no administrator appointed on his estate, then in that
case the assignee can proceed on such judgment to have
the same revived in his own name the same as the as-
signor could if living, for the title of the assignor in and
to such judgment passes to the assignee on assignment,
unconditionally, and the administrator, if there be one,
has no legal right, title, claim or interest in such judg-
ment any more than he would have in a note assigned by

the assignor in his lifetime. A judgment assigned is a commercial asset in the hands of assignee. Secs. 3745, 3746, 3747 and 3748, R. S. 1899; Burns v. Bangert, 16 Mo. App. 22; Welch v. City of St. Louis, 12 Mo. App. 516.

*W. Cloud* for respondent.

There is no question from the undisputed evidence of L. L. Allen, who testified for respondent and the defendant Lambert and the abstractor Abernathy, but what the satisfaction was entered by mistake and that the note was never paid in fact. No matter of estoppel having intervened, the court was authorized to correct the mistake. Seiberling Miller & Co. v. Tipton, 113 Mo. 380, 21 S. W. 4; Christy v. Scott, 31 Mo. App. 339; Rice v. McFarland, 41 Mo. App. 489. Appellants cannot complain, as they had no lien at the time against the real estate since they had no right to revive the judgment in their names as assignees of the judgment, whose lien had expired. Goddard to use v. Delaney, 181 Mo. 569, 80 S. W. 886. The questions at issue in this case were not before the court. Bunn v. Lindsay 95 Mo. 250, 7 S. W. 473, and Benton Land Co. v. Zeitler, 182 Mo. 251, 81 S. W. 193.

BLAND, P. J.—To secure the payment of the promissory note of J. M. Lambert for eleven hundred dollars, payable to the Missouri Trust Company, Lambert and his wife, on July 31, 1888, conveyed in trust to B. H. Ingram, trustee, the following described real estate, situated in Barry county, Missouri: The north half of the northwest quarter and twenty and one-half acres off the west side of the southwest quarter of the northwest quarter of section 34, township 24, range 29. The deed of trust was timely recorded in the recorder's office in said county. Interest was paid on the note and extensions of time of payment of the principal granted from

time to time by the Missouri Trust Company, who, prior to the first day of August, 1903, for value, transferred the note and deed of trust to the plaintiff. On the last-named day the last extension of time for payment expired and Lambert made application to L. L. Allen, cashier of plaintiff bank, for a further extension. The negotiation resulted in the giving of a new or renewal note and the execution of a new deed of trust. The new note was given for nine hundred and fifty dollars (the balance due on the old note) payable to L. L. Allen, cashier of the plaintiff bank, due five years after date, with eight per cent interest per annum payable annually. The new deed of trust conveyed the same lands to W. A. Rhea, trustee, for the benefit of L. L. Allen, cashier of the plaintiff bank. The old note and deed of trust were not surrendered to Lambert, but they were inclosed in an envelope with the new note and deed of trust and an abstract of the title to the lands, which had been furnished the Missouri Trust Company when it made the original loan, and properly addressed and mailed to M. T. Abernathy, Cassville, Missouri, the county seat of Barry county, plaintiff being located at Pierce City, some distance from Cassville. The evidence shows that Abernathy was an abstracter of titles and had been acting as agent for the plaintiff for a number of years in furnishing abstracts of title to lands and attending to the recording and satisfying of deeds of trust held by it. The old note was indorsed, in a manner, by Allen to give authority to Abernathy to acknowledge satisfaction of the old deed of trust. On receipt of the deed of trust, etc., Abernathy examined the abstract furnished the Missouri Trust Company and saw that it showed title in Lambert and then entered on the margin of the record of the old deed of trust the following release:

"Release: The debt in the within deed of trust having been fully paid off and discharged, I hereby acknowledge satisfaction in full and release the property herein conveyed from the lien and incumbrance thereon, this

eleventh day of August, A. D. 1903; note produced and cancelled in presence of recorder.

                                    M. T. ABERNATHY,
                        Assignee and legal holder of the note.
"A. L. GALLOWAY, Recorder of Deeds."

Abernathy filed the new deed of trust for record and after it was recorded returned it and the old deed and note to Allen. On October 12, 1901, S. L. Hankins recovered a judgment against Lambert et al., in the Barry Circuit Court, for five hundred and five dollars. Afterwards Hankins assigned this judgment to the defendants, who, subsequently procured a renewal of the old judgment for eight hundred dollars. After having forwarded the deed back to Allen, Abernathy discovered this renewed judgment on the records of the Barry Circuit Court and immediately informed Allen, whereupon, this suit was brought to set aside the satisfaction or release of the original Lambert deed of trust for the purpose of giving plaintiff's lien priority over the supposed lien of defendants, as judgment creditors of Lambert. The court granted the prayer of the petition by setting aside the release upon the margin of the record of the original deed of trust. Defendants appealed from this judgment.

The judgment reviving the judgment of October 12, 1901, in favor of S. L. Hankins, was not revived on a *scire facias* sued out by him in his name, but was revived in the name of the defendants on a *scire facias* sued out by them, as assignees of S. L. Hankins. A suit to revive a judgment is not a new suit but a continuation of the original one (Sutton v. Cole, 155 Mo. 206, 55 S. W. 1052) and a judgment can only be revived in the name of the original judgment creditor, therefore, the defendants were without legal capacity to sue out a writ of *scire facias* to revive the judgment, and the judgment as revived is void. [Bick v. Tanzey, 181 Mo. l. c. 523, 80 S. W. 902.] The lien of the original judgment had expired by limitation at the time of the trial. The defendants,

therefore, were not prejudiced by the judgment of the court and had no such standing in court as entitled them to contest the suit of the plaintiff; having no lien themselves upon the land, it was a matter of indifference to them whether the plaintiff's lien should date from the date of the old or the new deed of trust. They are in no position to complain of the judgment of the lower court. The judgment is therefore affirmed. All concur.