EZRA T. JESTER, Appellant, v. THOMAS SPURGEON,. Respondent.

St. Louis Court of Appeals, October 25, 1887.

1. EVIDENCE—RECORD.—One part of a court record may be aided or impeached by another part.

2. ——— JUSTICE'S JUDGMENTS.—A justice's judgment is defective where the docket entries fail to show the defendant's appearance, or due service of summons, but this defect may be remedied by producing the summons which shows due service.

3. OFFICERS, DE FACTO.—There can be no de-facto officer where there is no corresponding office known to the law.

4. ——— CONSTABLES.—A person appointed by the county court as an additional constable, in a township in which the office is filled by one whose tenure is undisputed, is not an officer de jure nor de facto.

APPEAL from the Clarke County Circuit Court, BEN. E. TURNER, Judge.

*Reversed and remanded.*

MATLOCK, HILLER & HOWARD, for the appellant: The sale was void because made by one who was not even₁ a *de-facto* officer. *Douglass v. Wickwire*, 19 Conn. 489; *Facey v. Fuller*, 13 Mich. 527; *Bean v. Thompson*, 19 N. H. 290; *Commonwealth v. McComb*, 56 Pa. St. 436. It does not appear that the justice acquired jurisdiction by service or by appearance. *The*

*State v. Metzger*, 26 Mo. 65 ; *Bersch v. Schneider*, 27 Mo. 101.

Berkheimer & Whiteside, for the respondent: The constable was a *de-facto* officer. *Plymouth v. Painter*, 44 Am. Dec. 574 ; *County Court v. Sparks*, 10 Mo. 80 ; *O'Bryan v. Kerwin*, Cro. Jac. 562 ; *Harris v. Jays*, Cro. E. 699 ; *Cocke v. Hulsey*, 16 Pet. 85. The summons was properly introduced to show jurisdiction. Freeman on Judg., sect. 518 ; Abbott's Tr. Evid., sect. 540.

Rombauer, J., delivered the opinion of the court.

This action is replevin. The property in controversy is a mule formerly owned by the plaintiff, and now claimed by the defendant, as purchaser at an execution sale. Judgment was rendered in the trial court for the defendant for possession of the property, or its ascertained value, and fifty dollars damages. The ascertained value of the animal, and the damages for its detention, as found by the court, are supported by the plaintiff's own testimony ; and his complaint that the damages are excessive may be laid out of view.

The only substantial point for consideration is, whether the execution sale was legally sufficient to divest the plaintiff's title.

The plaintiff challenges the validity of the sale on the two grounds, that the defendant has failed to show a valid judgment against him, and that the person to whom the writ of execution was directed, and who sold the mule in controversy, purporting to act by authority of such execution, to the defendant, was neither an officer *de jure* nor *de facto*.

It appeared in evidence that judgment by default was rendered by a justice of the peace against the plaintiff, in an action within the jurisdiction of the justice, the plaintiff not appearing. The justice's docket entry of this judgment was informal in failing to show that the plaintiff (who was the defendant in that action)

was served with process. To remedy this defect the defendant introduced the summons, with the return of one F. T. Snively, purporting to act as constable, which evidence tended to show that the plaintiff was duly served. The court thereupon admitted the judgment entry in evidence.

The plaintiff contends that this ruling was error, and that the omission in the docket entry of the jurisdictional fact of the service can not be cured by the production of the summons showing due service, and further, that the summons fails to show that it was issued in the case wherein the judgment was rendered.

This contention is not tenable. The record recites that the defendant "introduced the summons in the case of *David McKee v. Ezra T. Jester and A. K. Loomis,*" being the case in question, the names of the parties, and the amount sued for is the same, and the justice identified the paper as the summons issued by him. The question was not of amending a written return, by oral evidence, *aliunde*, which can not be done, ( *Madison Co. Bank v. Suman's Adm'r*, 79 Mo. 527 ), but of identifying a paper as part of a record, and aiding the recital of one part of the record by the recitals of another part. That a judgment entry may be either aided or impeached in that manner must be considered settled in this state. *Cloud v. Inhabitants of Pierce City*, 86 Mo. 367.

The evidence bearing upon the fact of the official capacity of Snively, to whom the execution was directed, and who, purporting to act as a constable of Des Moines township, sold the mule, is as follows: One Jones was elected constable of the township in November, 1884, and reëlected in November, 1886, and acted as such from the date of his first election. There was no vacancy in the office in December, 1884, and Jones' legal title to the office at that date, and thereafter, is unquestioned. On December 1, 1884, the county court of Clarke county, upon the petition of a

number of citizens, appointed Snively as an additional constable for the township. He thereupon gave bond and acted as such constable from that time on until November, 1886.

The defendant contends that the facts thus shown constituted Snively a constable *de facto*, and made his acts, as such, valid as to the public and as to third persons. This contention is erroneous. There can be no officer *de facto* filling an office which has no legal existence. *Ex parte Snyder*, 64 Mo. 58. The illegality of the appointment is conceded, as the law provides but for one constable in each township. Rev. Stat., sect. 645. The appointment in this instance was not made to fill any vacancy; the office of constable had been filled by election, and the validity of the incumbent's tenure was unquestioned. The appointment was made to fill an office which, for all that appears, the county court itself attempted to create, namely, the office of an additional constable. This is an office unknown to the law, and as there could be no officer *de jure* of such an office, no person could fill it as an officer *de facto*.

As the plaintiff's prior right of property is conceded, and as the defendant's claim of title, as purchaser at a valid execution sale, is not made out by the evidence, the judgment in favor of the defendant is unwarranted by law.

The judgment is reversed and the cause remanded. All the judges concur.