TUCKER, Appellant, v. McKAY et al., Respondents.

St. Louis Court of Appeals, May 26, 1908.

1. **SCHOOL DISTRICT:** Removal of Schoolhouse: Majority Vote. Under section 9750, Revised Statutes 1899, in order to move a schoolhouse to a site nearer the center of the district than the old site, it is necessary only for a majority of the taxpayers of the district, present and voting at the election, to vote for such removal.

2. ———: ———: Expense of Removal. The voters of a school district at an annual meeting could vote for the removal of the schoolhouse without providing for the expense of such removal, where some of the voters agreed to pay the expense of such removal.

3. **PRACTICE:** Suit Prematurely Brought: Contempt of Court. In an action to restrain the directors of a school district from moving the schoolhouse to another site, the defendants would not be in contempt of the court by receiving a deed to the new site after the temporary restraining order was made.

4. **SCHOOL DISTRICTS:** Minutes of Clerk: Parol Testimony. The statute (section 9750, Revised Statutes 1899), in requiring the clerk to enter the proceedings of an annual meeting of a district, does not state in what form the minutes shall be kept; it is sufficient if the minutes state the result of the proceedings. A minute reading as follows: "It was voted to move the schoolhouse; carried," was sufficient to show that the provision to move the schoolhouse was voted on and a majority voted in favor of it; such minutes are evidence, but not conclusive and it is proper to show by parol testimony what actually took place at such meeting.

Appeal from Clark Circuit Court.—*Hon. Chas. D. Stewart,* Judge.

AFFIRMED.

*Berkheimer & Dawson* for appellant.

When by express direction of a statute a memorandum is required to be kept the memorial made in compliance thereto is a public record.    20 Am. and Eng.

Ency. Law (1 Ed.), 507, and cases cited. The books of clerk or secretary of a public school. Sanburn v. School District, 12 Minn. 17; Wormley v. Carroll County, 45 Iowa 666; Lawrence v. Dunkle, 35 Mo. 395. It cannot be added to, supplied or modified by parol evidence. 20 Am. and Eng. Ency. Law (1 Ed.), p. 510, 511; Kidson v. Bangor, 58 Atl. 900; Eastland v. Fargo, 16 N. W. 632; Dillon, Municipal Corporations, secs. 299, 301; Lathrope v. Railroad, 28 N. W. 467; 8 Ency. of Evidence, pp. 831, 832, notes; 4 Current Law, p. 733; Heard v. School District, 45 Mo. App. 671; Hutchison v. Bott, 11 Vt. 462. The directors elected at their board meeting did make an order for the removal of the school house (this meeting of the board of directors was held on August 5, 1906) and in so doing they exceeded their authority, which must emanate from the action of the voters at the annual meeting. Seibert v. Botts, 57 Mo. 430. The rights of a party to an action is fixed according to the state of facts existing at the time when the action is brought. Ward v. Moffat, 38 Mo. App. 395; Gilbert & Miller v. Peck, 43 Mo. App. 577.

*Whiteside & Yant* and *O. S. Callihan* for respondents.

The main question in this case is whether, if the record of proceedings of the annual school meeting does not sufficiently show, by inference, that the vote on the proposition to move the schoolhouse to the center of the district was taken by ballot; and that a majority of those voting, voted in favor of the proposition, may such facts be shown by parol testimony? State v. Hockaday, 98 Mo. 592; Sutton v. Cole, 73 Mo. App. 522; Rowe v. Schertz, 74 Mo. App. 607; West v. Moser, 49 Mo. App. 206, 207; Sconce v. Lumber Co., 54 Mo. App. 512; Hickerson v. Mexico, 58 Mo. 65.

BLAND, P. J.—On August 15, 1906, plaintiff filed his suit against defendants as directors of School District No. 3, township 19, range 8, in Clark county, Missouri, to prevent them from removing the schoolhouse of the district to another site therein.    A temporary restraining order was granted.    On final hearing a peremptory writ was denied and the cause dismissed at plaintiff's cost.

At the annual school meeting held in the district on April 1, 1906, the clerk of the district made the following minutes of what took place:    "The house was called to order by Wm. McKay.    First thing in order was to elect a chairman, John McKay being elected. The next thing in order was to elect a secretary, thereon George LaBonta was elected.    The next thing in order was the reading of the minutes of the previous meetings; minutes were received.    Next thing in order was the reading of the county treasurer's report to the school clerk; approved.    Next thing was the nomination of a director for a term of three years.    Next it was voted to have an eight months' term of school; next it was voted to dispense with register; next it was voted to move school house; carried.    The chair appointed Jake Friend, Hubert Felker and James Tucker a committee on wood. Committee reported six cords of wood needed, whereby John Kilkenny puts the wood on the schoolhouse ground for $3.10 per cord."

Over plaintiff's objections defendant proved by oral evidence that there were thirty-seven voters of the district present at the meeting; that on the proposition to move the schoolhouse the vote was by ballot and resulted in twenty votes for removal and seventeen against removal; that after the vote was taken some one asked. about providing the necessary funds for moving the house, whereupon two of the voters present stated they would pay all the expense of moving the house and on

this promise the question of procuring funds for the purpose by the district was dropped.

A quitclaim deed, dated August 6, 1906, from Jacob Friend and wife, duly executed and acknowledged, conveying a schoolhouse site to the district was read in evidence. Friend testified he sent the deed to be recorded but no certificate of record was on, or appended to, the deed, and the evidence shows the board of trustees have never formally accepted the deed. The evidence shows that the site conveyed by Friend is in the center of the district. Plaintiff, being a resident of and owner of taxable property in the district, had a right to bring the suit.

Plaintiff contends that the minutes of the school meeting do not show that a majority of the voters in the district voted to change the site of the schoolhouse, and for this reason the removal should have been enjoined. Subdivision 11, sec. 9750, R. S. 1899, provides, "that in every case a majority vote of the voters who are resident taxpayers of said district shall be necessary to remove a site nearer the center of said district." The evidence tends to show that the site voted for was nearer the center of the district than the old one. In Richardson v. McReynolds, 114 Mo. 641, 21 S. W. 901, it was held that this subdivision means a majority of the taxpayers of the district, present and voting at the election. See also State ex rel. Bassett v. Mayor of St. Joseph, 37 Mo. 270.

2. No provision was made by the district to provide funds for the removal; for this reason it is contended the vote to move was incomplete and did not authorize the defendant trustees to move the house to the new site. As no fund to move the house was provided for at the meeting, its removal cannot be made a charge to the district; but as two of the voters present agreed to pay the expense of the removal if the trustees are willing to incur the risk of the removal on that promise,

we know of no reason why a court should enjoin the exercise of their faith in the premises, especially when, as in this case, it seems to be well founded.

3. The deed conveying the new site to the school district was executed on August sixth but was not acknowledged until August sixteenth. The petition was filed on August 15, 1906, and a notice to defendants, dated August twentieth, of plaintiff's intention to apply for a temporary restraining order, is found in the record but there is no return showing that it was ever served. Because the petition was filed before the deed was acknowledged, it is contended that defendants could not accept the deed. The minutes of the proceedings of the trustees do not show that the deed has been accepted by them for the district. They have perhaps held their acceptance in abeyance to await the result of this suit. It appears the deed is ready for delivery whenever defendants can take it without being in contempt, or apparent contempt, of court, and we can see no reason to enjoin them from accepting the donation of the site, even if the action of the voters at the April election, 1906, to move the schoolhouse should turn out to be illegal, for they might hereafter act in a legal manner and move the house to the new site.

4. The statute (sec. 9750) provides for an annual meeting of the voters of school districts, to be organized "by the election of a chairman, and a secretary who shall keep an accurate record of the proceedings of the meeting, which, when approved and attested by the signature of the chairman, the clerk shall enter upon the record of the district." It is insisted that the record kept of the proceedings at the meeting are incomplete, inaccurate and insufficient to show that a proper vote was taken to move the schoolhouse. The statute does not undertake to state in what form the minutes shall be kept, nor to specify what details or particulars of the meeting shall be recorded. In this instance, as at

most annual school meetings, the clerk recorded the several subjects brought before the assembly for its determination and recorded the result of the action. It is not pretended that the record is not accurate as far as it goes, but that it does not go far enough to show the assembly voted to move the schoolhouse. The minutes read that "it was voted to move the schoolhouse; carried." This entry shows the proposition was voted on and that a majority voted in favor of moving the schoolhouse. The record should have shown how the vote was taken and the number of votes cast for and against removal. But the fact that the clerk of the meeting failed to make as full a record as he should have made, when what he made is accurate and states the result of the election, should not be given the effect to defeat the will of the majority voting at the election, and we think it was competent to prove by oral testimony what actually took place at the meeting and to show that the record of the result of the election made by the clerk was correct. Such minutes are evidence but they are not conclusive and may, in a proper case, be aided or contradicted by parol evidence.

No reversible error appearing on the record, the judgment is affirmed. All concur.