THE STATE ex rel. J. A. McMILLIAN, Collector of Revenue, v. JOHN C. GUINN, Appellant.

### Division One, July 1, 1925.

SCHOOL TAXES: Assessed in Common School District: Levy in Favor of Consolidated District. Where defendant's property was duly assessed as situated in the common school district in which he resided, as shown by the assessor's book, and in September after the assessment said district and others were legally consolidated into a consolidated school district, whose board in April made an estimate of the amount of tax levy necessary to maintain their school and certified it to the county clerk, said assessor's book, showing an assessment in the extinguished common school district, was sufficient for an extension by the county clerk of the school taxes against defendant's property on his tax books, after a levy, in accordance with said estimate, was duly made, and the consolidated school district is entitled to recover from defendant the amount of taxes shown by said extended tax book, although at the top of the column therein the name of the common school district, as it appeared in the assessor's book, was written, and it contained no specific entry showing that the levy was made in favor of the consolidated district. The writing of the name of the old common school district at the head of the column was an error, but it was not a jurisdictional error.

Corpus Juris-Cyc. References: Evidence, 22 C. J., Section 1217, p. 973, n. 50 New; Section 1538, p. 1148, n. 96; Section 1570, p. 1177, n. 48; Section 1707, p. 1279, n. 63, p. 1280, n. 66, 67. Schools and School Districts, 35 Cyc. pp. 1201, n. 67; 1033, n. 20 New. Taxation, 37 Cyc. p. 1066, n. 99, 2.

Appeal from Jasper Circuit Court.—*Hon. Grant Emerson,* Judge.

AFFIRMED.

*McReynolds, McReynolds & Flanigan* for appellant.

(1) If the county clerk by mistake extended the tax in favor of a district which did not exist the record

cannot be changed and the tax is illegal and cannot be collected. State ex rel. v. Shepherd, 218 Mo. 656; State ex rel. v. Brown, 172 Mo. 374.    (2)    The county clerk proceeded under Sec. 11183, R. S. 1919, on receipt of the estimate furnished by District 38, to assess, levy and extend the tax. But his action was void because based upon the estimate furnished by a district that had ceased to exist.    (3)    It was the duty of the clerk to extend the tax only in favor of Consolidated District No. One, and to ignore the null and invalid estimate furnished by District 38. R. S. 1919, sec. 11183; State ex rel. v. Burford, 82 Mo. App. 343; Board of Education v. Barrett, 101 Kan. 568.    (4)    The tax books are the primary and best evidence. They are the record. State ex rel. v. Hutchison, 116 Mo. 402.    (5)    Parol evidence is not admissible to impeach, contradict or vary a record. Here the tax records all showed that District 38 had levied the tax, and it was error for the trial court to permit the deputy county clerk to explain away or contradict that record by parol. State ex rel. v. Maloney, 113 Mo. 367; 22 C. J. p. 1085, par. 1428; p. 1070, par. 1380; 37 Cyc. p. 1063, note 75, p. 1071; State v. Faith, 180 Mo. App. 491; Ball v. Fagg, 67 Mo. 484; Hedgewood v. Shiek, 233 S. W. 58; Forsee v. Garrison, 208 Mo. App. 408; City of Huntsville v. Eatherton, 182 S. W. 767; Lebanon L. & M. W. Co. v. Lebanon, 163 Mo. 254; Keating v. Skiles, 72 Mo. 97; Cooksey v. Railway, 74 Mo. 477; Murray v. Laften, 15 Mo. 622; Lamothe v. Lippott, 40 Mo. 142; Freeman v. Thompson, 53 Mo. 192; Spring Valley Water Co. v. Alameda County, 141 Pac. 38; Montana Ore. Pur. Co. v. Maher, 81 Pac. 13; Allen v. McKay & Co., 72 Pac. 715.

*Walter Bailey* and *Owen & Davis* for respondent.

(1)    The assessment list made out and delivered by the defendant to the assessor, on July 27, 1920, and which was read in evidence on the trial of this case, shows on its face, that the defendant was, on June 1, 1920, a resident of Common School District No. 38. Sec. 11183, R. S.

1919. (2) This list was copied or extended by the assessor on the assessor's book or list, as provided in Sec. 12790, R. S. 1919, for the tax year 1921, and said book or list carried Current Number 8946, John C. Guinn, School District No. 38, total valuation $233,300. (3) The assessor's book or list, for the tax year 1921, was delivered to the county court clerk, as required by Sec. 12810, R. S. 1919, and that said clerk, as provided in Sec. 12868, R. S. 1919, made a fair copy thereof, and extended thereon the taxes levied for the year 1921 in favor of the State, county, school districts, etc., duly authenticated by the certificate of the clerk and the seal of the county court. (4) The personal tax book for the year 1921 shows that it carried Current Number 8946, John C. Guinn, School District No. 38, total valuation by the assessor, $233,300, total valuation as adjusted by the State Board of Equalization, $372,160, school tax $1860.80. (5) The estimate furnished by said consolidated district to the county clerk's office, shows that it was estimated that it would require a fifty cent levy to raise the funds estimated necessary for school and incidental purpose for the tax year 1921. The taxes extended on the personal tax book for the year 1921, and here in question, equals fifty cents on the one hundred dollars valuation of defendant's property, as equalized by the State Board of Equalization. (6) The pleadings and the evidence in the case show that common school districts Nos. 38, 39 and 40, Jasper County, Missouri, were on October 22, 1920, under an election called and held for that purpose, consolidated into Consolidated School District No. 1. (7) The foregoing facts, show that the taxes in question were levied and extended for and on behalf of said consolidated school district, and could not be otherwise.

WOODSON, J.—This suit was instituted by the plaintiff in the Circuit Court of Jasper County against the defendant to collect certain school taxes levied against him. The judgment of the court was for the plaintiff, and the defendant duly appealed.

These taxes were alleged to be due and owing to Consolidated School District No. 1 of Jasper County, Missouri. Appellant contends that the taxes sued for were not levied for said school district, but were levied upon an estimate of School District Number 38, which had, at the time of the extending on the taxbooks of the taxes in question, become a part of Consolidated School District No. 1, under and by virtue of an election called and held for that purpose on October 22, 1920, and that said taxes were, therefore, illegal.

On October 22, 1920, an election for the proposed consolidation of common school districts numbered 38, 39 and 40, in Jasper County, Missouri, was held, resulting in favor of the proposed consolidation.

On April 20, 1921, a number of citizens of the old School District 38 instituted a proceeding by *quo warranto* against said consolidated school district and the directors thereof, for the purpose of testing the legality of the acts of the directors in certifying to the county clerk an estimate of taxes necessary for school and incidental purposes and of the rate estimated to raise the taxes estimated and so certified—it being contended in that suit that the consolidated district could not function until June 30, 1921.

Said writ of *quo warranto* was, on motion of the defendants therein, quashed, and the judgment of the trial court quashing said writ was, on appeal to the Springfield Court of Appeals, affirmed.

The record does not show, as stated at page 2 of appellant's statement, that the board of directors of District No. 38, on April 5, 1921, made a levy of fifty cents on the one hundred dollars' valuation for school purposes for said District No. 38, and duly certified the same to the county clerk, and that the clerk proceeded to extend said levy on the 1921 tax books in favor of said District No. 38, but it does show that no such levy was made and certified to the county clerk.

Defendant was, on June 1, 1920, a resident of and living in District No. 38, and, on July 27, 1920, defendant

made out, with affidavit attached, a list of all his property owned by him or under his control on June 1, 1920, on a form furnished him by the assessor, said form being the usual and customary form used in listing property for assessment, and was headed, as follows: "List of taxable property belonging to or under the control of John C. Guinn of Jasper Township, Section 5, Congressional Township 29, Range 33, School District No. 38, Jasper County, Missouri," etc. This list was copied or extended by the assessor on the assessor's book, as provided in Section 12790, Revised Statutes 1919. The assessor's book contained a column, opposite the name of defendant (copied therein), for the extension of school taxes, which column was by the assessor, designated as "School District No. 38."

The record shows that no estimate was furnished the office of the county clerk for School District No. 38 for the year 1921, but the evidence does show that the directors of said consolidated district furnished the county clerk, within the time required by law, with an estimate of the amount of funds necessary to be raised by taxation for school purposes and for incidental purposes for the year 1921.

The evidence further shows that the county clerk, in extending the school taxes sued for against the property of defendant, extended them in the column on the tax book copied from and designated on the assessor's book as "School District No. 38."

The total assessment of defendant's property for taxable purposes for the year 1921 was $372,160. The total of the testimated rate, certified to the clerk by said consolidated district for the year 1921, was fifty cents on the one hundred dollars assessed valuation. The school taxes assessed and extended on the county tax books by the clerk for the year 1921 was $1860.80, being fifty cents on each one hundred dollars of said assessment. At the trial, plaintiff read in evidence the tax bill filed with the petition, the substance thereof being set out in the printed record. The tax bill did not, as will be observed, state in

favor of what school district the school taxes therein specified were levied and assessed. Plaintiff also read in evidence the estimate required to be certified and which was certified to the county clerk by said consolidated district, as provided in Sections 10791, 10793, Revised Statutes 1919.

Mr. Reidharr, deputy county clerk, testified that he had searched the office of the county clerk several times, the last time being on the morning of the day he testified, for any estimate of School District No. 38 for the year 1921, but failed to find any such estimate, and that he had no recollection of ever seeing such estimate. He also further testified that he helped to extend most of the school taxes and that the extension of the taxes in question on the tax book was in his handwriting, but that the head at the top of the column in which they were extended was in the handwriting of Mrs. Morton, a clerk in the office, which heading she had copied from the assessor's book or list.

The assessor's book or list reached the clerk's office about January 1, 1921, and this book or list was copied onto the tax book, and the various taxes, State, county, school, etc., were extended thereon, but not until after the estimates came in from the different school districts.

Plaintiff read in evidence page 65 of the personal delinquent list, Volume 1, for the year 1921, especially Current No. 2059, showing name of defendant, School District No. 38, tax $1,860.80.

I. In the consideration of this case we should at the outset remember that at the time of the levy of the tax on the property there was no common School District No. 38, as contended for by appellant, because it had become a part of Consolidated District No. 1 of Jasper County, and thereby exterminated.

That being true, under Section 11183, Revised Statutes 1919, it became the duty of the county assessor "in listing property to take the number of the school district in which said taxpayer resides at the time of making his list, to be by him marked on said list, and also on the

personal assessment book, in columns provided for that purpose.''

The assessment list made out and delivered by the defendant to the assessor on July 27, 1920, and which was read in evidence in the trial of the case, shows on its face that the defendant was on June 1, 1920, a resident of Common School District No. 38 of Jasper County, Missouri.

The evidence also shows that this list was copied or extended by the assessor on the assessor's book or list, as provided in Section 12790, Revised Statutes 1919, for the tax year 1921, and that said book or list carried Current Number 8946, John C. Guinn, School District No. 38, total valuation $233,300. And that it shows that the assessor's book or list, for the tax year 1921, was delivered to the county clerk, as required by Section 12810, Revised Statutes 1919, and that said clerk, as provided in Section 12868, Revised Statutes 1919, made a fair copy thereof, and extended thereon the taxes levied for the year 1921 in favor of the State, county, school district, etc., duly authenticated by the certificate of the clerk and the seal of the county court.

To further identify the taxes as consolidated school taxes the personal tax book for the county for the year 1921 was read in evidence, which shows that it carried Current number 8946, John C. Guinn, School District No. 38, total valuation by the assessor $233,300, total valuation as adjusted by the State Board of Equalization $372,160, school tax $1860.80.

And as contended for by counsel for respondent, the evidence shows that all that part of the personal tax book for the year 1921, in so far as it relates to the taxes of the defendant, except the extension thereon of the various taxes, including a tax of the defendant, was made by Mrs. Wharton, a clerk in the office of the county clerk, by copying same from the assessor's list or book, delivered to the county clerk by the assessor, as provided by Section 12810, Revised Statutes 1919, and that the extension of the taxes thereon and in question here was made by

a Mr. Reidhaar, a deputy clerk in the office of the county clerk, and that he extended them in the column and under the heading ''School District No. 38,'' which heading was copied by Mrs. Wharton from the assessor's list or book delivered to the county clerk.

The record shows that Mr. Reidhaar, deputy clerk, had, on several different occasions and on the day of trial, searched the office of the county clerk for any estimate that may have been certified from School District No. 38, and that he failed to find any such estimate, and that he had no information or knowledge as to any such estimate ever having been furnished the clerk's office. If any such estimate was ever furnished the clerk's office, the evidence does not show it.

Also the estimate furnished by said consolidated dis-' trict to the county clerk's office, and which was read in evidence, shows that it was estimated that it would require a fifty cent levy to raise the funds estimated necessary for school and incidental purposes for the tax year 1921.

The taxes extended on the personal tax book for the year 1921, and here in question, equals fifty cents on the one hundred dollars valuation of defendant's property, as equalized by the State Board of Equalization.

The testimony pertaining to the copying of the assessor's list or book by Mrs. Wharton of the extension of the taxes in question by the deputy clerk, Reidhaar, on the copy of the assessor's list or book, as made out by Mrs. Wharton, was competent and admissible testimony, and did not violate the parol evidence rule in relation to the contradiction, varying or enlarging written contracts and instruments and record. [Williams v. Bank, 72 Mo. 292; Scott v. Bailey, 23 Mo. 140; State v. Hockaday, 98 Mo. 590.]

The testimony of the non-existence of any estimate from old School District No. 38 did not, at least, directly contradict or vary the notation on the personal tax book, John C. Guinn, School District No. 38, etc., and such evidence was admissible.

The court held, in State v. Hockaday, 98 Mo. 590, that it was admissible for a justice of the peace to testify that an information, filed in his court against the defendant charging him with petit larceny, was filed by the prosecuting attorney and was read to the defendant before the defendant entered his plea of guilty, and that defendant entered his plea to the information and not to an affidavit which had been filed against him—the docket of the justice showing the filing of the affidavit and the entry of plea of guilty, but failing to show the filing of the information.

The case of Sutton v. Cole, 155 Mo. 206, was brought to this court on a writ of error to review the judgment of the lower court quashing an execution issued upon a justice-of-the-peace judgment transcribed to the circuit court, which judgment had been reviewed under a writ of *scire facias*. It was contended that the justice had no jurisdiction of the subject-matter of the suit, the suit being upon a note and the judgment being for $283.58, and the jurisdiction of the justice being limited to $150 exclusive of interest and costs. The docket of the justice recited: "Action on note dated...... total amount claimed, $283.58," followed by the following: "On the 27th day of September, 1881, plaintiff files note and demands that summons be issued against defendant, which is done." It was held that the record of the justice spoke the facts which the statute commanded, and that parol testimony was not admissible to contradict, explain away, or vary or impeach it. The note sued on was lost. The court, at page 215, said: "It was at all times, within the power of the plaintiff to supply the lost note . . . and thereby have shown the true fact as to the amount claimed by the proceedings in the case before the justice. This would not have contradicted the record." And it would also have been permissible, after proof of loss of the note, to prove by parol evidence the contents of the note, which would have included its date, the amount thereof, the rate of interest, and the time of the commencement of the running of interest, etc., from which it could have been

inferred how much of the judgment was principal and how much interest. This would not have contradicted the record.

So, in the case at bar, the evidence as to the non-existence of any estimate from old School District No. 38, the manner of making up and extending on the personal tax book of the taxes in question, explained what tax was in fact extended by the clerk, and showed his error, if error it be, in not correcting the heading under which it was extended, or in not extending it under a new heading, all of which were brought about by the assessor following the requirement of the statute as to listing the place of residence of the taxpayer, and by the clerk in making out a fair copy of the assessor's book.

It is always permissible to impeach, contradict, vary, or enlarge, and explain, records by other parts of the record of equal dignity. [Cloud v. Pierce City, 86 Mo. 367; Jester v. Spurgeon, 27 Mo. App. 477.]

If a record is ambiguous or uncertain, it is permissible to explain the uncertainty or ambiguity by parol evidence. [22 C. J. sec. 1707, 1279-80; Railway v. Turner, 177 Mo. App. 454; Tucker v. McKay, 131 Mo. App. 728; Watts v. Levee Dist., 164 Mo. App. 263.]

The pleadings and the evidence in the case show that common school Districts Nos. 38, 39 and 40, Jasper County, Missouri, were, on October 22, 1920, under an election called and held for that purpose, consolidated into Consolidated School District No. 1 of Jasper County, Missouri.

The record discloses the assessment list made out and delivered by defendant to the assessor, the assessor's list or book, the copy thereof delivered to the county clerk, the estimate furnished the county clerk by said Consolidated District No. 1, the evidence of the copying of the assessor's list or book by Mrs. Wharton, the evidence of the extension of the taxes in question on the tax book by the deputy clerk, the evidence of the non-existence of any estimate from old School District No. 38, and the non-existence of said district, and the presumption that the

officers performed their duties in accordance with law, all show that the taxes in question were levied and extended for and on behalf of said consolidated school district, and could not be otherwise.

The assessment list returned by defendant, the making out of the assessor's book, the delivery of the same or a copy thereof to the county clerk, and the filing with the clerk of the estimate required by Section 11142, Revised Statutes 1919, by the officers of said consolidated district, constituted the jurisdictional facts, authorizing the extension on the tax books the taxes in question; and the extension of the taxes on the assessor's book, or on a copy thereof made by the clerk, was a clerical and formal act, and the error of the clerk in extending said taxes in the column designated ''School District No. 38'' was an error or irregularity which did not affect the substantial rights of defendant and which did not invalidate said taxes. [Sec. 12969, R. S. 1919; 37 Cyc. 1066; State ex rel. v. Bank of Neosho, 120 Mo. 161; State ex rel. v. Lounsberry, 125 Mo. 157; State ex rel. v. Dungan, 265 Mo. 353, l. c. 365; State ex rel. v. Timbrook, 240 Mo. 226; State ex rel. v. Phillips, 137 Mo. 259, l. c. 265; State ex rel. v. Wilson, 216 Mo. 215, l. c. 286.]

State ex rel. v. Brown, 172 Mo. 374, and State ex rel. v. Shepherd, 218 Mo. 656, cited by appellant, are not controlling authorities in this case.

In the Brown case, the plaintiff, guardian and curator of a minor, lived, at the time of the assessment of the property and levy of the taxes in question, in School District No. 2, Township 49, Range 1. The estate of his ward consisted of personal property, money and securities, which the guardian and curator kept at his residence in School District No. 2, aforesaid. The assessor assessed the property in said School District No. 2, and indorsed on the assessment list the location of said property as in said District No. 2. The clerk of District No. 2 made no return of plaintiff guardian and curator in his district, as required by Section 8067, Revised Statutes 1889; but the clerk of District No. 4, Township 49, Range 1, erroneous-

ly listed plaintiff as such guardian and curator in his district. The county clerk in making up the school tax book, as required by Section 7999, Revised Statutes 1889, extended the school taxes under the return of the clerk of District No. 4 and under the estimate of School District No. 4, which was one hundred cents on the one hundred dollars assessed valuation, while the estimate of District No. 2 was forty cents. The only error or mistake in the Brown case was that of the clerk of District No. 4 in certifying that plaintiff resided in that district, which was jurisdictional.

Defendant in the Shepherd case resided in one district and was assessed in and taxed in another district, as in the Brown case.

Finding no substantial error in the record, the judgment is affirmed. All concur; *Ragland, P. J.,* and *Atwood, J.,* in the result.